*172 On the Merits.
Claflia & Co. sued out an attachment against defendants for a sum of nearly $10,000 on allegations that defendants were fraudulently disposing of their effects.
The order of attachment was, on proper affldavitof the absence of the district judge, granted by the parish judge. There being no sheriff or coroner in the parish, a special officer was appointed and sworn to execute the writ. Under this writ, the officers attached certain lands, also the remains of a stock of goods, and “ two safes and the contents therein” in defendants’ store. This seizure was made December 6,1878.
On same day, December 6, the defendants applied for and obtained an order from the parish judge, acting for the absent district judge, directing the officer to release and deliver to defendants the two safes which had been attached, on the ground that they were exempt from ■seizure, as being implements or tools necessary to their occupation, etc. This order was obtained) without any notice whatever to the plaintiffs, and was granted at chambers. Its effect was to release from attachment the “ two safes and their contents,” the safes being at the time ■of seizure locked and the keys and combination in the possession of defendants.
On the next day, December 7, plaintiffs applied to the said parish judge to rescind said order of release, and maintained the attachment •at least of the money, notes, etc., contained in said safes. This application was rejected by order, Dec. 7.
Plaintiffs on same day applied for and took a suspensive appeal from both orders, to wit: that of Dec. 6, releasing the property, and that of Dec 7, refusing to rescind the order of release.
Plaintiffs have assigned numerous errors, of which it will not be necessary to notice all.
Waiving the questions whether or not the parish judge has under art. 128 C. P. the power to grant in a cause pending in the district court an order releasing without bond property attached, and waiving the question whether such order can be rendered at chambers, we proceed to consider whether such an order can be granted by any judge, at any time, without notice to the plaintiff?
We do not hesitate to answer this question in the negative.
Such a practice is so repugnant to common sense, and so flagrantly violative of common justice, as to require no argument to condemn it. What would become of the rights of seizing creditors, if their debtor be «flowed to go to the judge in secret, and procure from him an order releasing property seized ? If he can do so upon one pretext, he can upon another. In this case, the pretext was that the safes were exempt *173 from seizure, and under guise thereof “ the contents” were also released, though plaintiffs alleged and offered to prove on their motion to rescind that the safes contained large sums of money and securities.
The question as to whether a given thing is or is not exempt, under art. 644 0. P., is one of fact and law, and is to be determined after hearing the parties.
We are cited to arts. 652 and 653 0. P., relative to the reduction of excessive seizures under fi. fa. as analogous, and as permitting a seizure to be released without notice to the creditor. The articles cited do not sustain the position. To take the proceeding provided for in those articles without giving the creditor an opportunity to be heard, would be as arbitrary and illegal as the proceeding taken in this case. The property seized might amount in value to many times the creditor’s claim, and yet on account of previous incumbrances or seizures be wholly insufficient to pay the debt for which it is seized. Because the articles do not specially provide for notifying the creditor, is no reason for holding such notice unnecessary. Every principle of law and judicial procedure as well as every consideration of common justice requires such notice.
It is therefore ordered, adjudged, and decreed that the orders of Dec. 6 and 7, 1878, appealed from, be annulled, avoided, and reversed; and it is now ordered that the attachment sued out by plaintiffs be reinstated and maintained upon the said safes and their contents until released by due course of law; and that defendants pay the costs of _ both courts.